106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo GAVIRIA, Defendant-Appellant.
 No. 95-2383.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1997.
 
 Before: BROWN, GUY, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Rodolfo Gaviria, entered a conditional guilty plea to one count of conspiracy to possess cocaine with the intent to distribute. Defendant now avails himself of the retained right to appeal.
 
 
 2
 On appeal, Gavina argues, as he did in the district court, that his indictment should have been dismissed because it was obtained using information received from him after he was granted use immunity in return for cooperation.
 
 
 3
 Our review of the record convinces us that Judge Cook properly denied Gaviria's motion to dismiss, and we affirm.
 
 I.
 
 4
 Gaviria was arrested by DEA agents on October 15, 1986. On this date, he gave oral statements to one of the arresting DEA agents, Greg Anderson, and also gave a written statement in Spanish. After giving his statement, and going through initial processing, defendant was taken to a holding facility at Detroit Police Headquarters.
 
 
 5
 The next morning, October 16, Agent Anderson picked up the defendant at the holding facility and took him to the federal courthouse for his initial appearance. Agent Anderson had indicated to Assistant United States Attorney Donaldson that Gaviria was cooperating, and Donaldson contacted federal defender Richard Helfrick to secure permission to continue talking to defendant. Helfrick consented as long as it was agreed that nothing defendant said would be used against him. The oral agreement to that effect was memorialized in a written agreement that was executed on October 17. This agreement provided in pertinent part:
 
 
 6
 It is hereby stipulated and agreed to by the parties and their respective counsel that following the Defendant's initial appearance on the Complaint in the above-entitled case the Defendant will meet with DEA agents and be de-briefed with respect to his knowledge of controlled substance distribution.
 
 
 7
 It is further stipulated and agreed that nothing the Defendant tells to the DEA agents or their authorized representatives will be used against the Defendant, directly or indirectly, in any court proceedings or grand jury proceedings.
 
 
 8
 (App. 26, emphasis in original.) The written memorandum of agreement was signed by Donaldson and Helfrick.
 
 
 9
 Gaviria was released after this initial hearing on October 16, and according to the testimony of Agent Anderson no debriefing took place on October 16. Defendant was supposed to cooperate with the DEA by travelling to Florida and arranging for a large shipment of cocaine. Defendant left with Agent Anderson's beeper number and was supposed to stay in contact. Instead of cooperating, however, defendant fled the country and was ultimately found in the Netherlands from where he was extradited in 1995.
 
 
 10
 After Gaviria reneged on his agreement with the government and left the country, he was indicted on May 18, 1988.
 
 
 11
 After being returned to the United States to stand trial, defendant filed a motion asserting a violation of Kastigar v. United States, 406 U.S. 441 (1972). Gaviria argued that his indictment was predicated upon immunized statements he made during an alleged debriefing with government agents.
 
 
 12
 The court held a Kastigar hearing, and at that hearing Agent Anderson testified that all of the information he presented to the grand jury was derived from statements made by Gaviria on October 15, 1986, before the alleged immunity agreement came into being. Assistant United States Attorney Donaldson also testified and indicated he had no recollection of any debriefing of Gaviria after his initial court appearance. Defense attorney Helfrick testified that his first contact with the defendant was on October 16, 1986. Helfrick related the telephone call he received from Donaldson and the oral agreement relative to immunity, which was subsequently reduced to writing and executed on October 17, 1986.
 
 
 13
 The defendant did not testify at the Kastigar hearing, but did submit an affidavit alleging that on the morning of October 16, 1986, Agent Anderson transported him to the DEA office where he was debriefed. No specifics relative to the debriefing were contained within the affidavit. At the conclusion of the Kastigar hearing, defendant's motion to dismiss was denied, the court concluding that no debriefing of the defendant occurred on or after October 17, 1986, the date the immunity agreement was executed.[1]
 
 
 14
 The court also based its decision to deny the motion to dismiss upon its en camera review of the testimony presented to the grand jury in 1988, which resulted in Gaviria's indictment. The court stated:
 
 
 15
 Upon my receipt of these documents, I did examine them. And without revealing the specific content of the transcript testimony or the person or persons who spoke before the Grand Jury, I am satisfied that the Government, through independent witnesses, had a sufficient legal basis upon which to make its allegation and charge against the Defendant.
 
 
 16
 (App. 107.)
 
 II.
 
 17
 At the Kastigar hearing, the decision of the trial judge to deny the motion to dismiss the indictment was driven by two conclusions. First, the trial judge concluded that no testimony was elicited from the defendant after an agreement was reached that any information he gave to the government would not be used against him. The second conclusion reached by the trial judge, after examining the grand jury transcripts, was that the government had sufficient information to indict Gaviria without regard to information derived from him. Although the court did not say so in so many words, this finding would lead to the conclusion that even if the government did receive and use information from Gaviria after the cooperation agreement was executed, no prejudice occurred to Gaviria requiring dismissal of the indictment, since the government also had adequate information to indict him derived from independent sources and witnesses.
 
 
 18
 Credibility determinations are for the district judge. Although the defendant filed an affidavit indicating he was debriefed on the morning of October 16, the court, within its discretion, chose to credit the testimony of Agent Anderson and Donaldson that no debriefing occurred on October 16. Since Gaviria declined to testify, and provided an affidavit that contained little or no details as to the circumstances of his alleged debriefing, the district judge properly exercised his discretion to credit the testimony of the government representatives over that of the defendant.
 
 
 19
 Having found no error in the district court's credibility determination, we find it unnecessary to consider the court's alternate holding that an independent source would support Gaviria's indictment even if the government did use statements made by him after the cooperation agreement was executed. We note, however, that this alternative ground would support the denial of the motion were it necessary to rely on this ground.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Although the court referenced October 17, 1986, the date of execution of the agreement, it is clear the court concluded no debriefing occurred after October 15, 1986